UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CINDY GARDUNO, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:23-cv-02549 |
| | ) | |
| v. | ) | |
| | ) | |
| CAPABLE CONTROLS, INC., | ) | |
| | ) | |
| Defendant. | ) | Jury Trial Demanded |
| | ) | |

# COMPLAINT

Plaintiff, Cindy Garduno ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Capable Controls, Inc. ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") for Defendant's sexual harassment against Plaintiff and Defendant's retaliation against Plaintiff in violation of Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 *et seq.*

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's

claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under § 706 of Title VII, *42 U.S.C. §2000e-5*, have occurred or been complied with.

5. A charge of employment discrimination on basis of sexual harassment and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of her receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff resides in Cook County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant is a corporation doing business in and for DuPage County, whose address is 1114 Tower Lane, Bensenville, IL 60106.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C § 2000e(f).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

11. Plaintiff worked for Defendant as a customer service agent from December 2017

until Defendant terminated Plaintiff in retaliation for opposing the sexual harassment she was subjected to from 2017 to 2022.

12. Plaintiff is a female and is a member of a protected class because of her sex.

13. Within the first three weeks of employer for Defendant, Plaintiff's was asked by Purchasing Manager, Robert Tennyson to come into his office to train her, but when she went into his office, Mr. Tennyson's computer was displaying pornography.

14. Plaintiff was in shock when she saw the pornography.

15. Plaintiff went back to her desk and contemplated the egregious conduct by her Manager.

16. Within a week, Plaintiff reported Mr. Tennyson's sexual misconduct to Manager, Dan Huizinga.

17. Manager, Dan Huizinga in response just said, "get proof."

18. Despite Mr. Tennyson's watching pornography on a regular basis, Plaintiff was able to take a video outside of Mr. Tennyson's office in 2018, where you can clearly hear a woman's voice say, "you never been with a girl before? In response, another woman's voice states, "not like this," then continuous moaning can be heard.

19. Plaintiff provided the video proof to management and nothing was done and Plaintiff was forced to be subjected to an environment that enabled her Manager to watch pornography throughout the workday where Plaintiff would have to overhear the sexual noises due to her desk being in close proximity to Mr. Tennyson's office.

20. Plaintiff was so disturbed by how this sexual misconduct was allowed so Plaintiff asked the CPA that worked there about it, and the CPA acknowledged that is common knowledge that it happens, yet nothing is done about it.

21. Mr. Tennyson's vile behavior continued throughout the entire duration of

3

Plaintiff's employment and it was common knowledge in the workplace that he watched pornographic videos in his office.

22. Despite it being common knowledge, the continuous sexual misconduct by Mr. Tennyson was highly offensive and unwelcomed to say the least.

23. On or about November 2021, Plaintiff sent an email stating complaints about multiple issues she had including Mr. Tennyson's continuous sexual misconduct.

24. On or about April 1, 2021, Plaintiff had a conversation with Dan Huizinga again about Mr. Tennyson's watching pornography and in response he said something to the effect of there is a firewall in place so that should not be happening.

25. Defendant had knowledge of Mr. Tennyson's but simply allowed it, despite the Plaintiff reporting multiple times for it to stop.

26. Plaintiff suffered severe mental anguish due to working in such conditions described above.

27. Less than a month before Plaintiff was terminated (February 2022), Plaintiff reported Mr. Tennyson the continuous issue of watching pornography.

28. Plaintiff was performing her job to satisfaction but Plaintiff was terminated on March 1, 2022 in retaliation for her engaging in protected activity.

29. Plaintiff is able to show that she participated in protected activity under Title VII and that Defendant retaliated against by terminating her employment.

30. There is a basis for employer liability for the sexual harassment that Plaintiff was subjected to.

31. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of her employment.

32. As a direct and proximate result of the harassment and retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT I
## Violation of Title VII
## (Sexual Harassment)

33. Plaintiff repeats and re-alleges paragraphs 1- 32 as if fully stated herein.

34. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of her sex, female, in violation of Title VII.

35. Defendant knew or should have known of the harassment.

36. The sexual harassment was severe or pervasive.

37. The sexual harassment was offensive subjectively and objectively.

38. Plaintiff is a member of a protected class under Title VII, due to her sex, female.

39. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

40. As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
## Violation of Title VII
## (Retaliation)

41. Plaintiff repeats and re-alleges paragraphs 1- 32 as if fully stated herein.

42. Plaintiff is a member of a protected class under Title VII.

43. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful sexual harassment in violation of Title VII.

44. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII.

45. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of sexual harassment.

46. Defendant also failed to take necessary precautions to prevent further recurrences of the sexual harassment conduct complained of by Plaintiff.

47. By virtue of the foregoing, Defendant retaliated against Plaintiff based on her reporting the sexual harassment when Defendant terminated her employment.

48. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

49. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Pre-judgment and post-judgment interest;

    f. Injunctive relief;

      g.      Liquidated damages;

      h.      Punitive damages;

      i.      Reasonable attorney's fees and costs; and

      j.      For any other relief this Court may deem just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 24th day of April, 2023.

*/s/ Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
E-mail: nvolheim@sulaimanlaw.com
E-mail: ceisenback@sulaimanlaw.com
*Attorneys for Plaintiff*