# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CINDY GARDUNO,<br>        Plaintiff<br><br>    v.<br><br>CAPABLE CONTROLS, INC.,<br>        Defendant | No. 23 CV 2549<br><br>Judge Jeremy C. Daniel |

## MEMORANDUM OPINION AND ORDER

Shortly after beginning her employment with Defendant Capable Controls, Inc., Plaintiff Cindy Garduno discovered that one of her managers regularly watched pornography in his office. Plaintiff complained about her manager's behavior multiple times, but her complaints were ignored. Shortly after her final complaint, Defendant terminated Plaintiff's employment. Plaintiff now brings the instant suit against Defendant alleging sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. Defendant moves to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6). R. 8. For the reasons below, Defendant's motion is denied.

## BACKGROUND[1]

Plaintiff was employed as a customer service agent with Defendant from December 2017 until her termination on March 1, 2022. R. 1 ¶¶ 11, 28. Shortly after

---

[1] For purposes of this motion, the Court accepts as true Plaintiff's factual allegations and draws all reasonable inferences in her favor. *White v. United Airlines, Inc.*, 987 F.3d 616, 620 (7th Cir. 2021).

she began her employment, Robert Tennyson, one of Defendant's purchasing managers, asked Plaintiff to come into his office for a training session. *Id.* ¶ 13. Upon entering his office, Plaintiff observed that Tennyson's computer was displaying pornography. *Id.* Shocked by her observation, Plaintiff returned to her desk. *Id.* ¶¶ 14-15. She reported the incident to another manager, Dan Huizinga, later that week. *Id.* ¶ 16. Huizinga's only response to Plaintiff's report was to "get proof." *Id.* ¶ 17.

According to Plaintiff, Tennyson continued to watch pornography in his office on a regular basis and, due to the proximity of their workspaces, she overheard sexual noises coming from his office throughout the workday. *Id.* ¶¶ 18-19. Sometime in 2018, Plaintiff recorded a video outside of Tennyson's office in which one can hear sexually-charged dialogue followed by continuous moaning. *Id.* ¶ 18. Plaintiff provided the video recording to management, but no action was taken in response. *Id.* Plaintiff asked one of Capable Control's accountants about the company's apparent acceptance of Tennyson's behavior. *Id.* ¶ 20. The accountant acknowledged that it was common knowledge that Tennyson watches pornography in his office and that supervisors did nothing to address it. *Id.*

In April 2021, Plaintiff again spoke with Huizinga about Tennyson's pornography-viewing. *Id.* ¶ 24. Huizinga told Plaintiff that Tennyson should not be able to watch pornography because of the firewall in place on the company's network. *Id.* Tennyson, however, continued to watch pornographic videos in his office, causing Plaintiff to suffer severe mental anguish. *Id.* ¶¶ 21, 26.

2

In November 2021, Plaintiff again reported Tennyson's pornography-viewing via email. *Id.* ¶ 23. Plaintiff made an additional report regarding Tennyson in February 2022. *Id.* ¶ 27. Less than a month later, on March 1, 2022, Plaintiff was terminated. *Id.* ¶ 28. Plaintiff alleges that, at the time of her termination, she was performing her job satisfactorily and that there was no legitimate reason for her termination apart from her complaints about Tennyson. *Id.*

Following her termination, Plaintiff filed an administrative charge with the Equal Employment Opportunity Commission ("EEOC"). R. 1-2. The EEOC issued a right-to-sue notice, and Plaintiff subsequently filed the instant lawsuit. R. 1-3. Plaintiff alleges that Defendant violated Title VII by subjecting her to sexual harassment in the workplace (Count I) and by retaliating against her for complaining about the sexual harassment (Count II). R. 1. Defendant moves to dismiss the complaint under Rule 12(b)(6) on grounds that Plaintiff's sexual harassment claim is time-barred and Plaintiff's retaliation claim is unexhausted.

**LEGAL STANDARD**

The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the complaint, not to decide its merits. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Dismissal is appropriate under Rule 12(b)(6) when the well-pleaded factual allegations in the complaint, accepted as true, do not state a facially plausible claim for relief. *Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016).

Because a plaintiff need not anticipate and attempt to plead around affirmative defenses in the complaint, *Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613 (7th Cir. 2014), courts usually refrain from granting Rule

3

12(b)(6) motions on such bases. *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). An exception applies "when the allegations of the complaint … set forth everything necessary to satisfy the affirmative defense." *Hyson USA, Inc.*, 821 F.3d at 939 (citation omitted). Affirmative defenses, however, frequently "turn on facts not before the court at [the pleading] stage." *Brownmark Films, LLC*, 682 F.3d at 690. Thus, "dismissal is appropriate *only* when the factual allegations in the complaint unambiguously establish all the elements of the defense." *Hyson USA, Inc.*, 821 F.3d at 939 (citation omitted) (emphasis in original). In other words, dismissal is appropriate when the plaintiff has "affirmatively plead[ed] himself out of court." *Chi. Bldg. Design*, 770 F.3d at 614.

## ANALYSIS

To bring a Title VII claim, a plaintiff must file an EEOC charge within 300 days of the conduct underlying the claim. *Moore v. Vital Products, Inc.*, 641 F.3d 253, 256 (7th Cir. 2011) (citing 42 U.S.C. § 2000e-5(e)(1)). Any claim for conduct that occurred more than 300 days before the filing of the relevant EEOC charge is time-barred. *Id.* (citing *Chaudhry v. Nucor Steel-Indiana*, 546 F.3d 832, 836-37 (7th Cir. 2008)). Further, any claims not raised in the original EEOC charge are generally barred from being raised in a subsequent Title VII suit. *Id.* (citing *Sitar v. Ind. Dep't of Transp.*, 344 F.3d 720, 726 (7th Cir. 2003)). This requirement gives the employer and the EEOC notice of the charged conduct and the opportunity to resolve the dispute without resort to the courts. *Cervantes v. Ardagh Grp.*, 914 F.3d 560, 564 (7th Cir. 2019).

Courts, however, must construe the scope of an EEOC charge liberally. *Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 831 (7th Cir. 2015); *Perez v. Globe Ground N. Am., LLC*, 482 F. Supp. 2d 1023, 1029 (N.D. Ill. 2007). This is because most EEOC charges are (like Plaintiff's) completed by laypersons rather than lawyers. *See Huri*, 804 F.3d at 831. A Title VII plaintiff, therefore, "need not include in her charge every fact that, individually or in combination, forms the basis of a subsequent lawsuit's claims." *Id.* (citing *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994)). Rather, "a Title VII claim must simply be 'like or reasonably related to the allegations of the charge and growing out of such allegations.'" *Id.* (quoting *Cheek*, 31 F.3d at 500). To be "like or reasonably related" to one another, the relevant claim and the EEOC charge must, at a minimum, describe the same conduct and implicate the same individuals. *Id.* (citing *Moore*, 641 F.3d at 257).

In this case, the EEOC charge shows that Plaintiff checked boxes indicating that Defendant discriminated against her based on "retaliation" and "sex." R. 1-2.[2] Plaintiff listed her termination as Defendant's most recent discriminatory action. *Id.* In the body of the charge, Plaintiff described the following conduct:

> 2018 – One employee saw [ ] zero ramifications for making me walk into his office while he watched porn.
>
> 2020 – I was verbally attacked by another employee for sanitizing the door handles w[ith] Lysol. It got so bad I walked out the building, called my boss[, and] went home. … [T]hat employee was later discovered drunk at work by my boss. – Zero ramifications.

---

[2] Plaintiff's EEOC charge is attached to her complaint and, thus, may be considered by the Court in ruling on Defendant's motion to dismiss. *See Amin Ijbara Equity Corp. v. Vill. of Oak Lawn*, 860 F.3d 489, 493 n.2 (7th Cir. 2017).

> I struggle[d] to understand how to help a customer[.] Customer gets mad. I get fired ??? I was the only female in the office.

*Id.*

With this background in mind, the Court now turns to Defendant's arguments in support of dismissal.

## I. COUNT I – PLAINTIFF'S SEXUAL HARASSMENT CLAIM

Defendant argues that Count I must be dismissed because the only pornography incident alleged by Plaintiff in the EEOC charge occurred in 2018. R. 8 at 4. Since Plaintiff filed her EEOC charge on November 1, 2022, any claims based on events that occurred prior to January 5, 2022, would be time-barred. Plaintiff argues in response that she may nevertheless pursue her sexual harassment claim under the continuing violation doctrine. R. 11 at 3-5.

The continuing violation doctrine allows a plaintiff to obtain relief for a time-barred act if that act is linked to another occurring within the limitations period. *Selan v. Kiley*, 969 F.2d 560, 564 (7th Cir. 1992). The Seventh Circuit has explained that the doctrine applies in three types of circumstances: (1) when the "exact day of the violation is difficult to pinpoint because the employer's decisionmaking process takes place over a period of time;" (2) when "the employer has a systematic, openly espoused policy alleged to be discriminatory; and (3) when "the employer's discriminatory conduct is so covert that its discriminatory character is not immediately apparent." *Place v. Abbott Labs.*, 215 F.3d 803, 808 (7th Cir. 2000).

The doctrine does not apply when the time-barred incident "viewed alone should have triggered an employee's awareness of and duty to assert his or her

6

rights." *Simpson v. Borg-Warner Auto., Inc.*, 195 F.3d 873, 875 (7th Cir. 1999). Nor does it apply when continuing harm results from discrete acts. *Bass v. Joliet Pub. Sch. Dist.*, 746 F.3d 835, 839-40 (7th Cir. 2014) ("If a discrete wrongful act causes continuing harm …, then the 300-day period runs from the date of that event; it does not restart with each new day the harm is experienced."). Instead, the continuing violation doctrine is best suited for hostile work environment claims because such claims, by their very nature, involve repeated conduct over time. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002).

Here, the complaint alleges that, throughout the duration of Plaintiff's employment with the company, Defendant had a practice or policy of condoning Tennyson's habit of watching pornography in close proximity to Plaintiff, the only female in the office. Indeed, Plaintiff states that she repeatedly complained about Tennyson's behavior, but Defendant consistently failed to take any action in response, thereby allowing Tennyson's pornography-viewing to continue with "zero ramifications." Such allegations are sufficient to plausibly state a sexual harassment claim under a hostile work environment theory, as opposed to a discrete incident of harassment. *See Jackson v. Cnty. of Racine*, 474 F.3d 493, 499 (7th Cir. 2005) (explaining a hostile work environment is one in which the sexual harassment is sufficiently "severe or pervasive enough to alter the conditions of employment and create an abusive working environment").

Under the continuing violation doctrine, "[i]t does not matter that some of the component acts of" Plaintiff's sex-based "hostile work environment [claim] fall outside

7

the statutory time period." *Morgan*, 536 U.S. at 117. "Provided that an act contributing to the claim occurs within the filing period," in this case, Plaintiff's final complaint about Tennyson just one month before her termination in March 2022, "the entire period of the hostile environment may be considered by a court for the purposes of determining liability." *Id.*

Defendant argues in its reply brief that this theory of relief is untenable because Plaintiff's EEOC charge does not indicate that such a hostile work environment continued beyond 2018. R. 13 at 2. In support of this argument, Defendant highlights the fact that Plaintiff assigned specific years to the incidents alleged in her charge and did not use phrasing, such as "started" or "began" in 2018, that would suggest that the sexual harassment that she alleges to have faced was a frequent or ongoing occurrence throughout her employment. *Id.* at 3.

Defendant's construction of the EEOC charge, however, is too rigid. Here, Plaintiff completed a preprinted charge form, without the benefit of counsel, and selected the boxes for discrimination based on sex and retaliation. As one district court has explained, "[i]t would surely be reasonable (and indeed logical) for a lay plaintiff to check the general discrimination box when seeking to advance a hostile work environment claim." *Brindley v. Target Corp.*, 761 F. Supp. 2d 801, 807 (N.D. Ill. 2011).

More importantly, Plaintiff' sex-based hostile work environment claim bears a strong, factual relationship to the allegations made in her charge; indeed, both the charge and the complaint implicate the same individual—Tennyson—and the same

8

conduct—Defendant's tacit endorsement of Tennyson's pornography-viewing at work. And though the charge does not describe the full extent of the pornography issue, the allegations in the complaint show how the incidents that Plaintiff mentioned in the EEOC charge relate to one another and form part of a single hostile work environment claim. It is enough, for purposes of exhaustion, that Plaintiff's sexual harassment claim grew out of the pornography incident alleged in her charge. *See e.g., Perez,* 482 F. Supp. 2d at 1029 (although plaintiff "did not outline every instance of harassment that she alleges occurred … in her EEOC charge," she was not precluded from bringing these allegations in her complaint because it was likely that the EEOC's investigation "would have discovered the other instances of harassment alleged in the complaint.").

In sum, the allegations in Plaintiff's EEOC charge are reasonably related to the sex-based hostile work environment claim that is plausibly alleged in Plaintiff's complaint. Accordingly, the Court cannot conclude, at this stage of proceedings, that the continuing violation doctrine is unavailable to Plaintiff. Defendant's motion to dismiss Count I is therefore denied.

## II.      COUNT II – PLAINTIFF'S RETALIATION CLAIM

Defendant also moves to dismiss Plaintiff's retaliation claim (Count II) on grounds that it is unexhausted. R. 8 at 5-6. Plaintiff alleges in her complaint that Defendant retaliated against her for reporting Tennyson's pornography-viewing, but the only mention of Plaintiff making a report to management in the EEOC charge is one related to a verbal altercation with another employee for using Lysol. Defendant

9

therefore argues that Plaintiff's retaliation claim must be dismissed, as it falls outside the scope of the EEOC charge. *Id.*

Once again, Defendant attempts to construe the EEOC charge in an overly technical manner that does not merit dismissal. Like Plaintiff's sexual harassment claim, Plaintiff's retaliation claim could reasonably be expected to grow out of an EEOC investigation of the allegations set forth in her charge. As mentioned above, Plaintiff checked the box for "retaliation" on her charge and stated the latest discriminatory action taken against her by Defendant was her termination. Further, the body of her charge describes how Plaintiff, the only female in the office, was terminated following a misunderstanding with a customer, but her male co-workers faced no repercussions for seemingly more severe workplace misconduct. Indeed, Plaintiff specifically states in her charge that Defendant failed to take any action in response to Tennyson watching pornography in the workplace.

Given that Plaintiff's EEOC charge indicates that she was terminated for complaining about disparate treatment relative to her male coworkers and cites Tennyson's pornography-viewing as an example of why she believes that to be true, an EEOC investigation into the charge could reasonably reveal that Plaintiff's termination occurred shortly after she complained about sexual harassment in the workplace. This is sufficient to satisfy the exhaustion requirement for Plaintiff's retaliation claim. *See Novitsky v. Am. Consulting Engineers, L.L.C.*, 196 F.3d 699, 701 (7th Cir. 2022) ("[W]e have stressed that the essential question is what EEOC

investigation could reasonably be expected to grow from the original [charge].")". Defendant's motion to dismiss Count II is therefore denied.

## CONCLUSION

For the reasons stated herein, Defendant Capable Controls, Inc.'s motion to dismiss, R. 8, is denied. Defendant will have 14 days to answer the complaint. Status hearing set for October 18, 2023, at 9:30 a.m.

Date: 9/26/2023

JEREMY C. DANIEL
United States District Judge